# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

In the Matter of the *Ex Parte* Application of HSBC Securities Services (Luxembourg) S.A. for an Order to Conduct Discovery Pursuant to 28 U.S.C. § 1782 ) ) ) ) ) ) Civil Action No.

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, 45 Rockefeller Plaza New York, New York 10111

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Cleary Gottlieb Steen & Hamilton<br>One Liberty Plaza<br>New York, NY 10006 | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________ *Signature of Clerk or Deputy Clerk*

______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* HSBC Securities Services (Luxembourg) S.A.
, who issues or requests this subpoena, are:

Jeffrey Rosenthal, One Liberty Plaza, New York, NY 10006, jrosenthal@cgsh.com, 212-225-2086

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

PLEASE TAKE NOTICE that pursuant to the attached Subpoena and Federal Rules of Civil Procedure 30 and 45, Irving H. Picard, as Trustee for the Substantively Consolidated Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff (the "Trustee") is required to produce and permit inspection of the following documents:

**DEFINITIONS**

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules (made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rule 7026-1 of the Local Bankruptcy Rules)—including, but not limited to, the definitions of "Communication," "Concerning," "Document," and "Person"—are hereby incorporated and apply to the requests for the production of Documents set forth herein (together, the "Requests," and each, a "Request"). These Definitions apply throughout these Requests without regard to capitalization. HBUS and HUSI reserve the right to deliver and serve additional requests for production of Documents. In addition, as used in the Requests, the words set forth below shall be defined as follows:

2. Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

3. Any entity other than a natural person includes (a) that entity's present and former agents, assigns, attorneys, consultants, directors, divisions, employees, officers, predecessors, representatives, servants, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) any other person or entity acting or purporting to act on behalf of (a) or (b).

4. Any Communication or agreement "between" two persons includes any Communication or agreement, as relevant, among those persons and one or more third parties.

5. "Alpha Prime" refers to the Bermudian investment fund incorporated under the name Alpha Prime Fund Limited, including, without limitation, its current or former representatives, managers, attorneys, brokers, trustees, administrators, advisors (including investment or financial advisors), investment managers, divisions, subsidiaries, parents, affiliates, officers, directors, general and/or limited partners, agents, and employees.

6. "BA Worldwide" refers to the BVI entity incorporated under the name BA Worldwide Fund Management Limited, including, without limitation, its current or former representatives, managers, attorneys, brokers, trustees, administrators, advisors (including investment or financial advisors), investment managers, divisions, subsidiaries, parents, affiliates, officers, directors, general and/or limited partners, agents, and employees.

7. "Bank Austria" refers to the Austrian financial institution incorporated under the name UniCredit Bank Austria AG, including, without limitation, its current or former representatives, managers, attorneys, brokers, trustees, administrators, advisors (including investment or financial advisors), investment managers, divisions, subsidiaries, parents, affiliates, officers, directors, general and/or limited partners, agents, and employees.

8. "Bank Medici" refers to the Austrian financial institution incorporated under the name 20:20 Medici AG, including, without limitation, its current or former representatives, managers, attorneys, brokers, trustees, administrators, advisors (including investment or financial advisors), investment managers, divisions, subsidiaries, parents, affiliates, officers, directors, general and/or limited partners, agents, and employees.

9. "BLMIS" refers to Bernard L. Madoff Investment Securities LLC and/or Madoff Securities International Limited, including the funds and accounts under their custody or management.

10. "Customer Property" has the definition given to it in 11 USC § 761(10) of the United States Bankruptcy Code.

11. "Electronically stored information" has the definition given to it in Federal Rule of Civil Procedure 34.

12. "Herald" refers to the Cayman Islands investment fund incorporated under the name Herald Fund SPC, including, without limitation, its current or former representatives, managers, attorneys, brokers, trustees, administrators, advisors (including investment or financial advisors), investment managers, divisions, subsidiaries, parents, affiliates, officers, directors, general and/or limited partners, agents, and employees.

13. "Herald's SIPA Claim" refers to the customer claim that Herald filed with the Trustee on June 28, 2009, which the Trustee designated as Claim No. 10817, asserting that Herald is entitled to the securities reflected on its BLMIS account statement for the period ending November 30, 2008, or in the alternative, its net equity.

14. "HSSL" refers to HSBC Securities Services (Luxembourg) S.A.

15. "Madoff" refers to Bernard L. Madoff.

16. "Pioneer" refers to the Irish entity incorporated under the name Pioneer Alternative Investment Management Limited, including, without limitation, its current or former representatives, managers, attorneys, brokers, trustees, administrators, advisors (including investment or financial advisors), investment managers, divisions, subsidiaries, parents, affiliates, officers, directors, general and/or limited partners, agents, and employees.

17. "Primeo" refers to the Cayman Islands investment fund incorporated under the name Primeo Fund, including, without limitation, its current or former representatives, managers, attorneys, brokers, trustees, administrators, advisors (including investment or financial advisors), investment managers, divisions, subsidiaries, parents, affiliates, officers, directors, general and/or limited partners, agents, and employees.

18. "You" and "Your" refer to: (a) Irving H. Picard, as Trustee for the liquidation of the business of BLMIS under SIPA, 15 U.S.C. §§ 78aaa *et seq.*, and the substantively consolidated Chapter 7 estate of Madoff; (b) the BLMIS estate and the Chapter 7 estate of Madoff, in whose shoes Irving H. Picard stands; and (c) the officers, directors, employees, partners, corporate parent, subsidiaries and affiliates of either (a) or (b).

19. To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular includes the plural and vice versa; (ii) the masculine, feminine, and neuter pronouns do not exclude other genders; (iii) the connectives "and" and "or" should be read either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope; (iv) the terms "any," "all," and "each" should be read to mean any, all, each, and every; (v) the word "including" should be read to mean including, without limitation; (vi) the present tense should be construed to include the past tense and vice versa; (vii) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents; and (viii) defined terms should be given their broadest meaning regardless of whether they are capitalized in the Requests.

## INSTRUCTIONS

1. Unless modified by agreement with HSSL, these Requests require a complete search of all of Your files, including, without limitation, all Documents obtained by You since December 15, 2008. The Documents covered by these Requests include all Documents in Your possession, custody, or control, including those Documents in the possession, custody, or control of Your officers, agents, employees, representatives, managing agents, affiliates, accountants, investigators, or by Your attorneys or their agents, employees, representatives, or investigators, or other Persons acting or purporting to act on Your behalf, regardless of location. You shall produce all responsive Documents.

2. These Requests are continuing in nature, requiring supplemental production of Documents if You later identify or receive (including through production to You in litigation) additional Documents responsive to these Requests pursuant to Federal Rules of Civil Procedure 26(e) and 34.

3. You shall produce all Documents organized and labeled to correspond to the categories of these Requests as required by Federal Rule of Civil Procedure 34(b)(2)(E)(i). A Request for a Document shall be deemed to include a Request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself. Documents shall be produced in such a way as to identify the applicable file folder and/or source from which each responsive Document came or was obtained and, where applicable, the natural person in whose possession it was found and the business address of each Document's custodian(s).

4. If and to the extent Documents are maintained in a database or other electronic format, You shall produce along with the Document(s) software that will enable access to the

electronic Document(s) or database as You would access such electronic Document(s) or database in the ordinary course of Your business. You shall produce electronically stored information in the form in which it is usually maintained.

5. For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used should be given their most expansive and inclusive interpretation.

6. Each Request for Production shall be construed independently and not with reference to any other Request for Production for the purpose of limitation.

7. If any portion of a Document is responsive to any Request, the entire Document should be produced. You must respond to each Request separately and fully, unless it is objected to. If You object to any part of any Request, You shall state fully in writing the nature of the objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Request to which You are not objecting, pursuant to Federal Rule of Civil Procedure 34(b). If objection is made to any of the Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, in accordance with Federal Rule of Civil Procedure 34(b)(2)(C), or whether inspection and production of the responsive documents will occur notwithstanding such objection.

8. If You withhold any Document, or any portion of any Document, under a claim of privilege or other protection, You shall comply with Rule 26 of the Federal Rules of Civil Procedure, made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure, and Rule 7034-1(c) of the Local Bankruptcy Rules. Moreover, You must produce a separate log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5) and is in accordance with the terms agreed to by the parties in this Action.

9. Documents attached to each other should not be separated.

10. If You cannot respond to all or part of any Request after exercising due diligence to secure the full information to do so, state and answer to the extent possible, specifying Your inability to respond to the remainder. In any partial response, state whatever information or knowledge You have concerning the unanswered portion, and detail what efforts have been taken to secure the unknown information.

11. If there are no Documents responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

12. These Requests shall not be deemed to call for identical copies of Documents. "Identical" means precisely the same in all respects; for example, a Document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

13. If You believe that any Request, Definition or Instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the Request in order to frame Your response.

14. Unless otherwise instructed, these Requests seek responsive Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed concerning, or in effect during, the period from the inception of the Funds (or any of them) until December 31, 2009.

15. None of the Definitions and Instructions, or the Requests set forth below, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any Definition, Instruction, or Request.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including March 24, 2004 through the present.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

Documents and Communications sufficient to establish that no securities were purchased and/or traded through the BLMIS accounts that were opened on behalf of Herald, including but not limited to account statements, trade confirmations or trade tickets, wire transfer records, and bank statements.

**REQUEST NO. 2**

Documents and Communications sufficient to establish that no securities were purchased and/or traded through the BLMIS accounts that were opened on behalf of Primeo, including but not limited to account statements, trade confirmations or trade tickets, wire transfer records, and bank statements.

**REQUEST NO. 3**

Documents and Communications sufficient to establish that no securities were purchased and/or traded through the BLMIS accounts that were opened on behalf of Alpha Prime, including but not limited to account statements, trade confirmations or trade tickets, wire transfer records, and bank statements.

**REQUEST NO. 4**

To the extent not encompassed by Request No. 1, all Documents and Communications concerning Herald's accounts at BLMIS, including, without limitation, communications exchanged between BLMIS and Herald, account statements, records of account activity,

documents describing account numbers or other means of identification, documents that identify current and former account holders and/or signatories, historical balance information, wire transfer records, copies of checks deposited or drawn, account opening and/or closing documents, and account background information.

**REQUEST NO. 5**

To the extent not encompassed by Request No. 2, all Documents and Communications concerning Primeo's accounts at BLMIS, including, without limitation, communications exchanged between BLMIS and Primeo, account statements, records of account activity, documents describing account numbers or other means of identification, documents that identify current and former account holders and/or signatories, historical balance information, wire transfer records, copies of checks deposited or drawn, account opening and/or closing documents, and account background information.

**REQUEST NO. 6**

To the extent not encompassed by Request No. 3, all Documents and Communications concerning Alpha Prime's accounts at BLMIS, including, without limitation, communications exchanged between BLMIS and Alpha Prime, account statements, records of account activity, documents describing account numbers or other means of identification, documents that identify current and former account holders and/or signatories, historical balance information, wire transfer records, copies of checks deposited or drawn, account opening and/or closing documents, and account background information.

**REQUEST NO. 7**

All Documents and Communications exchanged between (i) BLMIS and (ii) Sonja Kohn, Bank Medici, Bank Austria, BA Worldwide, or Pioneer concerning Herald, Primeo, or Alpha Prime.

**REQUEST NO. 8**

All Documents and Communications concerning Herald's SIPA Claim, including, without limitation, documents submitted to You by Herald in support of Herald's SIPA Claim and documents created, reviewed, considered, or relied upon by You in evaluating Herald's SIPA Claim.

**REQUEST NO. 9**

Documents and Communications sufficient to establish the dates and amounts of each distribution of Customer Property that the Trustee has made to or for the benefit of or on account of Herald pursuant to Herald's SIPA Claim.