USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/12/2026_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                :

IN THE MATTER OF THE EX PARTE APPLICATION  :       26-MC-00109 (MMG)
OF HSBC SECURITIES SERVICES (LUXEMBOURG)  :
S.A. FOR AN ORDER TO CONDUCT DISCOVERY     :        ORDER
PURSUANT TO 28 U.S.C. § 1782               :

------------------------------------------------------------------------X

MARGARET M. GARNETT, United States District Judge:

HSBC Securities Services (Luxembourg) S.A. ("Applicant") brings this application pursuant to 28 U.S.C. § 1782 for an order authorizing discovery from Irving H. Picard, as Trustee for the Substantively Consolidated Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff (the "Trustee") in the form of documents. Applicant seeks documents from the Trustee for use in proceedings before the Luxembourg Court of Appeal and the Luxembourg District Court. Dkt. No. 3 at 10. Having considered Applicant's submissions, the Court concludes—without prejudice to the timely filing of a motion to quash the subpoena and, in the event such a motion is filed, subject to reconsideration—that Section 1782's statutory requirements are met and that the so-called *Intel* factors favor granting the application. *See, e.g.,* *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

A district court may grant an application brought under § 1782 if the following conditions are met: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees*, 793 F.3d 291, 297 (2d Cir. 2015)..[1] If those statutory requirements are satisfied, the district court must consider the following four discretionary factors: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the discovery request is 'unduly intrusive or burdensome.'" *Frasers Grp. PLC v. Stanley*, 95 F.4th 54, 58 (2d Cir. 2024) (quoting *Intel Corp*, 542 U.S. at 264–65).

The statutory requirements are met as to Applicant's request. Applicant seeks discovery from the Trustee, which is located in this district and thus satisfies the first statutory requirement. *See* Dkt. No. 2 ¶ 51. The second requirement is also met because, the application is made "for use in a foreign proceeding" before a "foreign tribunal," *Mees*, 793 F.3d at 297; Applicant seeks discovery for use in an action before the Luxembourg Court of Appeal and the Luxembourg District Court. *See In re Blue Skye Fin. Partners S.A.R.L.*, No. 22-MC-00171 (KPF), 2022 WL 2441074, at *3 (S.D.N.Y. July 5, 2022) (Applicant seeking discovery for use in proceeding before Luxembourg

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

district court satisfies second statutory requirement).  The third statutory requirement is also met because, as a party to the foreign proceeding, Dkt. No. 2 ¶ 36, Applicant is an "interested person" for purposes of § 1782.  *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782.").  Accordingly, the application satisfies each of the statutory requirements.

The *Intel* factors also weigh in favor of granting Applicant's requests.  The first *Intel* factor considers whether the entity from which discovery is sought is a participant to the foreign proceeding.  "If a respondent is a participant, the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 176 (S.D.N.Y. 2020).  Here, the Trustee is not a party to the Luxembourg proceedings.  Dkt. No. 2 ¶ 51.  Because Applicant seeks "evidence . . . from a nonparticipant in the matter arising abroad," the first factor weighs in its favor. *In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d at 176.  The second factor also weighs in favor of Applicant because "Luxembourg courts are receptive to evidence obtained through international judicial assistance, including pursuant to Section 1782," and there is no evidence in the record suggesting that the Luxembourg courts would reject evidence obtained through Section 1782.  Dkt. No. 2 ¶ 52.  Similarly, the third *Intel* factor weighs in Applicant's favor because Applicant does not seek to "circumvent foreign proof-gathering restrictions." *Frasers Grp. PLC*, 95 F.4th at 58; *see also* Dkt. No. 2 ¶ 52.  Instead, Applicant seeks discovery from a non-party to the foreign proceeding that is found in this district.

Finally, the discovery Applicant seeks is not unduly obtrusive or burdensome.  "A district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302.  "In this context, Rule 26 contemplates that discovery requests be tailored to seek information relevant to the parties' claims and defenses and proportional to the needs of the case." *In re SBK Art LLC*, No. CV 24-MC-0147 (PAE) (RFT), 2024 WL 4264893, at *17 (S.D.N.Y. July 30, 2024), *report and recommendation adopted sub nom. In re SBK ART LLC*, No. 24-MC-0147 (PAE) (RFT), 2025 WL 1537474 (S.D.N.Y. May 30, 2025).  The Luxembourg proceedings concern the amount that HSSL must return to Herald Fund SPC ("Herald"), which is valued at the equivalent value of the securities that Herald purportedly held with Bernard L. Madoff Investment Securities (BLMIF).  Dkt. No. 3 at 7.  The documents Applicant seeks are sufficiently tailored to provide that information by seeking documents concerning the securities purchased by Herlad through BLMIS and Herlad's account with BLMIS. *See, e.g.*, Request No. 1, Dkt. No. 11-3 at 7, ("Documents and Communications sufficient to establish that no securities were purchased and/or traded through the BLMIS accounts that were opened on behalf of Herald.").  Additionally, Applicant contends that certain of the funds Herald seeks to obtain from Applicant reflect transfers in kind of securities to Herald from its investor Primeo Fund ("Primeo").  Dkt. No. 3 at 1.  To support that contention, Applicant also seeks documents related to Primeo's transactions with BLMIS. *See* Dkt. No. 11-3.  These documents are clearly relevant to foreign proceedings.  Furthermore, they are proportional to the needs of the case because they do not appear likely to sweep in information broader than necessary to support Applicant's claims.

Accordingly, the application is GRANTED.  Applicant's counsel is authorized to serve the subpoena for documents attached as Exhibit B to the letter dated March 24, 2026, Dkt. No. 11-3, on the Trustee together with a copy of this Order, no later than **thirty days** from the date of this Order.  No later than **the same date**, and *before* serving the subpoena on Respondent, Applicant shall

provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)). Applicant shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules (http://nysd.uscourts.gov/courtrules.php), and the Court's Individual Rules and Practices in Civil Cases, (https://nysd.uscourts.gov/hon-margaret-m-garnett). If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court. The Trustee is also reminded of its duty to preserve relevant documents and evidence. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).

Finally, pursuant to HHSL's agreement with Herald, all documents produced by the Trustee in response to the subpoena at Dkt. No. 11-3 shall be produced concurrently to HSSL and Herald. *See* Dkt. No. 13.

The Clerk of Court is respectfully directed to terminate Docket No. 1 and to close the case.

SO ORDERED.

Dated: May 12, 2026
        New York, New York

_____
MARGARET M. GARNETT
United States District Judge